IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME

        Plaintiff,

v.                                                                              No. 14cv646 JB/LAM

SLOAN D. GIBSON (ACTING) FOR
ERIC K. SHINSEKI, SECRETARY,
U.S. DEPARTMENT OF VETERANS AFFAIRS,

        Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff's motion to proceed *in forma pauperis* [*Doc. 3*], and United States District Judge James O. Browning's Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), directing the undersigned to "perform any legal analysis required to recommend to the Court an ultimate disposition of the case" [*Doc. 5*]. The two issues before the Court at this time are: (1) whether the Court should grant Plaintiff's motion to proceed *in forma pauperis* [*Doc. 3*]; and (2) whether the Court should dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B). Having considered the record of the case and relevant law, the undersigned recommends that: (1) Plaintiff's motion to proceed *in form pauperis* [*Doc. 3*] be

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

**GRANTED**; and (2) Plaintiff's Complaint [*Doc. 1*] be **DISMISSED without prejudice** for failure to state a claim.

## Procedural Background

On July 15, 2014, Plaintiff filed his Complaint [*Doc. 1*], which is largely unintelligible. While the Complaint makes references to employment termination and age/race discrimination, it does not explain what actions were taken by each Defendant or when Defendants acted. Moreover, it does not state how any of Defendants' actions harmed Plaintiff, or what specific legal rights Plaintiff believes Defendants violated.

Also on July 15, 2014, Plaintiff filed his motion to proceed *in forma pauperis*. [*Doc. 3*]. Plaintiff states in this motion that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in the motion is true. *See* [*Doc. 3* at 1]. Specifically, Plaintiff states that his total monthly income is $0.00, his monthly rent is $530.00, he owns no property, he has utility bills which vary, and he is unemployed. *Id.* at 1-5.

## Law Regarding Proceeding *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses, and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, Nos. 09-3186, 09-3202, 368 Fed. Appx. 879, 884, 2010 WL 716222 (10th Cir. March 3, 2010) (unpublished) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). The Court may grant a motion to proceed *in forma pauperis* even if the complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *See Buchheit v. Green*, 705 F.3d 1157, 1160-1161 (10th Cir. 2012) (noting that there is nothing in 28 U.S.C. § 1915 that indicates that a dismissal must occur before the grant of a motion to proceed *in forma pauperis*); *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962) ("[I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a)[,] leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding[.]") (citations omitted).

## Law Regarding Dismissal Pursuant To 28 U.S.C. 1915(e)(2)(B)

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also Montana v. Hargett*, No. 03-1237, 84 Fed. Appx. 15, 18, 2003 WL 22925256 (10th Cir. Dec. 11, 2003) (unpublished) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow

a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim") (citation and internal quotation marks omitted).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay*, 500 F.3d at 1217 (citation and internal quotation marks omitted).   The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, *i.e.*, the "[f]actual allegations . . . must be enough to raise a right to relief above the speculative level."  *Id.* at 1218 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *See Triplett v. Triplett*, No. 05-3354, 166 Fed. Appx. 338, 339-340 (10th Cir. Jan 26, 2006) (unpublished).   Just as the Court in *Triplett* stated that "[e]ven giving Triplett's pleadings the liberal construction afforded to a *pro se* petitioner," the Court concluded that it could not "divine a viable claim from Plaintiff's complaint," and noted "that plaintiff's complaint . . . consisted of little more than unintelligible ramblings" (*id.* at 339, internal quotation marks omitted), so, too, is Plaintiff's Complaint here nothing more than unintelligible ramblings leaving the Court unable to "divine a viable claim."

4

However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## Analysis and Recommended Disposition

First, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be granted. While Plaintiff does not state how much cash he has or how much he has in his checking account (*see Doc. 3* at 2), and does not state how he pays his rent or mortgage and utilities when he has no income, the undersigned notes that Plaintiff signed an affidavit in support of his motion to proceed *in forma pauperis* in which he declares under penalty of perjury that he is unable to pay the costs of these proceedings. *Id.* at 1. Because Plaintiff states that he is unemployed, that his total monthly income is $0.00, and that his monthly expenses exceed $530.00, the undersigned recommends that this motion be granted.

Second, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice because it is largely unintelligible and fails to state a claim upon which relief may be granted. While the title of Plaintiff's Complaint indicates that he may be attempting to allege wrongful termination and discrimination, in addition to "fraud, libel, verbal assault and slander" during his employment (*Doc. 1* at 1), Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how the Defendants' actions harmed Plaintiff. The undersigned, therefore, finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and recommends that Plaintiff's Complaint be dismissed without prejudice.

For the reasons stated above, the undersigned recommends that the Court: (1) deny Plaintiff's motion to proceed *in forma pauperis* [*Doc. 3*]; and (2) dismiss Plaintiff's Complaint

[*Doc. 1*] without prejudice.  The undersigned further recommends that that Plaintiff be allowed fourteen (14) days in which to file a motion to amend his Complaint to which Plaintiff must attach a copy of his proposed amended complaint setting forth a claim upon which relief may be granted in order to proceed, and that failure to do so may result in dismissal of this case.

                                                            _____
                                                            **LOURDES A. MARTÍNEZ**
                                                            **UNITED STATES MAGISTRATE JUDGE**