IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME,

        Plaintiff,

v.                                                              No. CIV 14-0646 JB/LAM

SLOAN D. GIBSON (ACTING) FOR
ERIC K. SHINSEKI, SECRETARY,
U.S. DEPARTMENT OF VETERANS AFFAIRS,

        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on September 18, 2014 (Doc. 6)("PF&RD"); and (ii) Plainitff's Brought Motion Incorporating Reiterating Made Aggrieved Victim's Establishing About How, When and Why the Employer So Influential Maliciously Conspired Very Irreparable Clandestine Diversity-Wrongful Employment Termination Discrimination: Frauds: Libel: Verbal Assault and Slander … With Which Now Before the Court Comes, Moves and States Renaud Belhomme as in response to Satisfy the United States District Court Judge: O. Browning's Dated September 18, 2013; Order, Pursuant to 28 U.S.C. 636 (b)(1)(B), (b)(3); and 1915 (e)(2)(b),[1] filed October 9, 2014 (Doc. 7), which appears to be objections to the PF&RD ("Objections"). The primary issues are whether the Court will: (i) overrule the Objections; (ii) adopt the PF&RD; (iii) grant Belhomme's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 15, 2014 (Doc. 3)("Motion to Proceed *in forma pauperis*"); (iv) dismiss the Plaintiff's

---

[1] The titles of Belhomme's Objections and Complaint, provided in full here, exemplifies the unintelligible writing throughout Belhomme's filings.

Complainant and Entry of Appearance for as Along with the Plaintiff's Legal Action, this Case Now Brought in Equity to the United States District Court District Court for the District of New Mexico Given Contemporaneous Notice and Motion as the Result of the Agency's Established Decision dated April 11, 2014; Denial Against the Plaintiff's so Suffered the Agency's Gross Abusive Wrongful Employment Termination: Violation of the Plaintiff's Civil Rights: Diversity - Employment Discrimination: Fraud: Libel: Verbal Assault and Slander as During the Plaintiff's Employment at the U.S. Department of Veterans Affairs, filed July 15, 2014 (Doc. 1), which appears to be Belhomme's Complaint ("Complaint"); and (v) allow Belhomme fourteen days from the date of this Order in which to file a motion to amend the Complaint.   The Court has reviewed the PF&RD and the Objections, and concludes that the Objections lack a sound basis in the law and facts.  Accordingly, the Court will: (i) overrule the Objections; (ii) adopt the PF&RD; (iii) grant the Motion to Proceed *in forma pauperis*; (iv) dismiss the Complaint without prejudice; and (v) allow Belhomme fourteen days from the date of this Order in which to file a motion to amend his Complaint.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  Lester v. Harada, CIV 13-0127 JB/KBM, 2013 WL 6503532 (D.N.M. Nov. 30, 2013)(Browning, J.)(citing Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense. . . .")).   Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part

of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir.1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 75 F.3d at 1059 (citations omitted).  In addition to requiring specificity

in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's

---

[2]Pevehouse v. Scibana, is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted). The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, although "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de

novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-1061 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-1009 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements

of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir.1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir.2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court

- 7 -

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724–25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).   Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations.   In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.   2013 WL 1010401, at *1, *4.

The Court generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where " 'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote omitted) (quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12–1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

**RELEVANT LAW REGARDING MOTIONS TO PROCEED IN FORMA PAUPERIS**

"The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." Denton v. Hernandez, 504 U.S. 25, 27 (1992). Section 1915(a) of Title 28 of the United States Code provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  To prove inability to pay court costs and fees, the Supreme Court of the

United States has held: "We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'"  Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993)(quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Although Congress' language throughout 28 U.S.C. § 1915 sometimes refers to the movant as prisoner or as person, the United States Court of Appeals for the Tenth Circuit has noted that, "despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed I[n] F[orma] P[auperis]."  Lister v. Dep't of Treasury, 408 F.3d at 1312 (quoting Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004)).

Professor Stephen M. Feldman notes that 28 U.S.C. § 1915 was enacted to give the force of law to the idea, traceable as far back as the Magna Carta in England, that the indigent should have access to the courts:

> [T]he idea that the poor should have access to the courts can be traced as far back as the Magna Carta in England . . . .  Congress, however, did not pass a statute until 1892 to enable indigents to institute actions in the federal courts.  The House Report struck the keynote for that first federal in forma pauperis statute: "Will the Government allow its courts to be practically closed to its own citizens, who are conceded to have valid and just rights, because they happen to be without the money to advance pay to the tribunals of justice?"
>
> The main provision of the modern federal in forma pauperis statute, 28 U.S.C. § 1915(a), enables indigents to file civil actions in the federal courts without paying a filing fee.  Thus, the federal courts are at least theoretically open to even the most impoverished litigants. . . .

Stephen M. Feldman, Indigents in the Federal Courts: The in Forma Pauperis Statute - Equality and Frivolity, 54 Fordham L. Rev. 413, 413–14 (1985)(footnotes omitted).  Similarly, the Supreme Court has noted: "The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access

to federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 342-43).

Section 1915 includes a provision allowing for possible appointment of an attorney to represent the party proceeding in forma pauperis: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel, the district court should take into account the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)). "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." Williams v. Meese, 926 F.2d at 996 (10th Cir. 1991) (quoting Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)).

In 1996, when Congress enacted the Prison Litigation Reform Act ("PLRA") as part of the Omnibus Consolidated Appropriations Act of 1996, Pub. L. 103-134, 110 Stat 1321 (1991), "Congress . . . placed a series of controls on prisoner suits, constraints designed to prevent sportive filings in federal court." Skinner v. Switzer, 131 S. Ct. 1289, 1299 (2011). The Supreme Court in Neitzke v. Williams also recognized that, because the public bears the burden of paying the filing fees and court costs for litigants proceeding in forma pauperis, and because concerns about cost do not therefore dissuade litigants proceeding in forma pauperis from filing multiple lawsuits, Congress intended to place strict constraints on a litigant's ability to proceed under 28 U.S.C. § 1915. "Congress recognized . . . that a litigant . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive [practices,] § 1915(d)

authorizes federal courts to dismiss a claim . . . 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" Neitzke v. Williams, 490 U.S. at 325 (quoting 28 U.S.C. § 1915(d)). At the time that the Supreme Court decided Neitzke v. Williams, Congress had not yet enacted the PLRA.

Congress' amendments to § 1915 in the PLRA took away the language authorizing courts to dismiss the action, and moved language otherwise existing in the statute to create subsection (e), which provides:

> (1) The court may request an attorney to represent any person unable to afford counsel.
>
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   (A) the allegation of poverty is untrue; or
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e). Thus, if a plaintiff brings a motion to proceed in forma pauperis and the district court finds that the plaintiff's "allegation of poverty is untrue," 28 U.S.C. § 1915(e) requires the court to dismiss the case. 28 U.S.C. § 1915(e)(2). See Lister v. Dep't of Treasury, 408 F.3d at 1312 ("[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."). The Tenth Circuit, recognizing that the PLRA made dismissal of a motion to proceed in forma pauperis a dispositive

matter, has held that Magistrate Judges cannot enter an order denying plaintiff in forma pauperis status.  See Lister v. Dep't of Treasury, 408 F.3d at 1312 ("[D]enial of [motion to proceed in forma pauperis] is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")(quoting Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990)).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw ... an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) ("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir.2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The Tenth Circuit stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d at 1247 (citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions where: (i) the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss, see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009); Robbins v. Oklahoma, 519 F.3d 1242 (10th

Cir. 2008)); and (ii) where the facts establishing the affirmative defense are apparent on the face of the complaint, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that is most likely to be established by the uncontroverted facts in the complaint. See 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union Pac. R.R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F.Supp.2d 1288, 1292 (D.N.M. 2011)(Browning, J.). The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute; the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir.1954) (holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, it is incumbent upon the plaintiff to plead, either in the complaint or in amendments to it, facts establishing an exception to the affirmative defense). It appears, from case law in several circuits, that the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by simply refraining from pleading specific or identifiable dates, see Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006); Harris v. New York, 186 F.3d 243, 251 (2d Cir.1999); Honeycutt v. Mitchell, 2008 WL

3833472 (W.D. Okla. Aug. 15, 2008)(West, J.), and, although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice, see Anderson Living Trust v. WPX Energy Prod., LLC, No. CIV 12-0040 JB/KBM, 2014 WL 2750652, at *17, *37-39 (D.N.M. May 16, 2014)(Browning, J.).

## ANALYSIS

As set forth in the PF&RD, Belhomme's largely unintelligible Complaint makes references to employment termination and age/race discrimination, but Belhomme fails to state any factual allegations underlying the Complaint. See PF&RD at 1; Complaint. Belhomme also fails to state how any of the Defendants'[3] actions harmed him or what specific legal rights he believes the Defendants violated. As the Honorable Lourdes A. Martinez, United States Magistrate Judge for the District of New Mexico, explained in the PF&RD, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." PF&RD at 4 (citing Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)). The Court agrees with the Judge Martinez' finding that, while the title of the Complaint indicates that Belhomme may be attempting to allege wrongful termination and discrimination, in addition to "FRAUD[,] libel[,] VERBAL ASSAULT AND SLANDER," during his employment, Complaint at 1, Belhomme fails to state with any particularity what each Defendant did to Belhomme, when the Defendants committed these alleged unspecified actions, or how the Defendants' actions harmed him. See PF&RD at 5.

Belhomme's objections are similarly unintelligible. See, e.g., Objections at 3 ("The

---

[3]In the Complaint, Belhomme listed "Sloan D. Gibson (Acting) for Eric K. Shinseki, Secretary, United States Department of Veterans Affairs, Defendants." Complaint at 1. Because Belhomme used the "Defendants" rather than the "Defendant," the Court concludes that Belhomme intended to bring causes of action against Gibson in his official capacity and the United States Department of Veterans Affairs.

Plaintiff; And, SO SUFFERED DETECTED DISCOVERED The EMPLOYER'S Falsely Conspired Interfered NEGLECTED, Ignored, Influenced, DEPRIVED, Prevented The Plaintiff's ENTITLED Complete PROPER Equal Employment Opportunity Therapeutic Benefits Protections Happiness Accesses JOB TRAININGS"). In his Objections, Belhomme presents descriptions of apparent interactions that he had with unnamed "supervisors" and "employers" referenced throughout the Objections; however, Belhomme fails to state with any particularity what each Defendant did to him or what the specific legal right he believes each Defendant violated. See, e.g., Objections at 5 ("The VA, The Employer's Deliberate GROSS Abuse Of Authority Conspired Clandestine Malicious Influential Hateful Misleading, Falsely Accused, Demeaned Hiding Covering Up Neglected, Prevented, Ignored, Refused, Deprived, Made RENAUD BELHOMME'S Entitled Complete Proper Equal Employment Opportunity and Training Accesses . . . ."). The Court, therefore, finds that the Objections lack a sound basis in the law or fact, and the Court will overrule the Objections, adopt Judge Martinez' PF&RD, and dismiss the Complaint without prejudice. As set forth in the PF&RD, *pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See PF&RD at 5 (citing Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991)). The Court will allow Belhomme fourteen days from the date of this Order to file a motion to amend his Complaint to which Belhomme must, to proceed, attach a copy of his proposed amended complaint setting forth a claim upon which relief may be granted. Failure to do so may result in dismissal of this case without further notice. To the extent the Objections are an attempt to present an amended complaint, it does not provide the requisite specific allegations and factual detail needed to support a legal claim for relief. Any further attempt by Belhomme to amend his Complaint must comply with the requirements set forth above and in the PF&RD regarding setting forth a viable legal

claim.

**IT IS ORDERED** that: (i) the Plaintiff Renaud Belhomme's Objections to the PF&RD in his Plainitff's Brought Motion Incorporating Reiterating Made Aggrieved Victim's Establishing About How, When and Why the Employer So Influential Maliciously Conspired Very Irreparable Clandestine Diversity-Wrongful Employment Termination Discrimination: Frauds: Libel: Verbal Assault and Slander . . . With Which Now Before the Court Comes, Moves and States Renaud Belhomme as in response to Satisfy the United States District Court Judge: O. Browning's Dated September 18, 2013; Order, Pursuant to 28 U.S.C. 636 (b)(1)(B), (b)(3); and 1915 (e)(2)(b), filed October 9, 2014 (Doc. 7), are overruled; (ii) the Proposed Findings and Recommended Disposition, filed September 18, 2014 (Doc. 6), are adopted by the Court; (iii) Belhomme's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 15, 2014 (Doc. 3); and (iv) Plaintiff's Complainant and Entry of Appearance for as Along with the Plaintiff's Legal Action, this Case Now Brought in Equity to the United States District Court District Court for the District of New Mexico Given Contemporaneous Notice and Motion as the Result of the Agency's Established Decision dated April 11, 2014; Denial Against the Plaintiff's so Suffered the Agency's Gross Abusive Wrongful Employment Termination: Violation of the Plaintiff's Civil Rights: Diversity -- Employment Discrimination: Fraud: Libel: Verbal Assault and Slander as During the Plaintiff's Employment at the U.S. Department of Veterans Affairs, filed July 15, 2014 (Doc. 1)("Complaint"), is dismissed without prejudice. Belhomme, accordingly, may file a motion to amend his Complaint within fourteen days of the date of this Order. If Belhomme chooses to file a motion to amend his Complaint, he must attach to his motion a copy of his proposed amended complaint setting forth a claim upon which relief may be

granted in order to proceed. Failure to file a motion to amend the Complaint in compliance with this Order may result in dismissal of this case without further notice.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE

*Parties*

Renaud Belhomme
Albuquerque, New Mexico

       *Plaintiff pro se*