IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENAUD BELHOMME**

      **Plaintiff,**

**v.**                                          **No. 14cv646 JB/LAM**

**SLOAN D. GIBSON (ACTING) FOR**
**ERIC K. SHINSEKI, SECRETARY,**
**U.S. DEPARTMENT OF VETERANS AFFAIRS,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** comes before the Court on Plaintiff's motion to amend his Complaint, filed October 30, 2014. [*Doc. 9*]. Having considered the motion, record of the case, and relevant law, for the reasons stated below, the undersigned recommends that the Court: (1) deny Plaintiff's motion to amend his Complaint [*Doc. 9*], and (2) dismiss this case without prejudice.

### Procedural Background

On July 15, 2014, Plaintiff filed his Complaint [*Doc. 1*] and his application to proceed *in forma pauperis* [*Doc. 3*]. On July 29, 2014, United States District Judge James O. Browning entered an Order of Reference referring this case to the undersigned for recommended findings and proposed disposition [*Doc. 5*]. On September 18, 2014, the undersigned entered a Proposed

---

[1] **Within fourteen (14) days after a party is served with a copy these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Findings and Recommended Disposition [*Doc. 6*].  The undersigned found that Plaintiff's Complaint is largely unintelligible and, while his Complaint refers to employment termination and age/race discrimination, it does not state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, how the Defendants' actions harmed Plaintiff, or what specific legal right he believes Defendants violated.  *See* [*Doc. 6* at 5].  The undersigned recommended that the Court grant Plaintiff's application to proceed *in forma pauperis*,[2] deny Plaintiff's Complaint without prejudice for failure to state a claim, and allow Plaintiff to file a motion to amend his Complaint.  *Id.* at 5-6.

After reviewing Plaintiff's objections to the Proposed Findings and Recommended Disposition [*Doc. 7*], the Court found that Plaintiff's objections "are similarly unintelligible" and "lack a sound basis in the law or fact."  [*Doc. 8* at 16-17].  The Court overruled the objections, adopted the Proposed Findings and Recommendations, dismissed the Complaint without prejudice and granted Plaintiff leave to file a motion to amend his Complaint.  *Id.* at 18.  The Court further stated that "[a]ny further attempt by [Plaintiff] to amend his Complaint must comply with the requirements set forth above and in the PF&RD regarding setting forth a viable legal claim."  *Id.* at 17-18.  Those requirements include stating with particularity what each Defendant did to him, when the Defendant did it, how Defendants' actions harmed him, and what specific legal right Plaintiff believes each Defendant violated.  *Id.* at 16-17.  Plaintiff then filed his motion to amend his Complaint [*Doc. 9*], which is now before the Court.

---

[2] The Court notes that, while the last paragraph on page 5 of Document 6 states that the Court recommends denying the application to proceed *in forma pauperis*, the Court intended to recommend <u>granting</u> the application, as it so stated on pages 1-2 and in the first paragraph on page 5 of Document 6.  The recommendation to grant the application to proceed *in forma pauperis* was adopted by the Court at pages 1 and 2 of Document 8.

**Law Regarding Dismissal Pursuant to 28 U.S.C. 1915(e)(2)(B)**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also Montana v. Hargett*, No. 03-1237, 84 Fed. Appx. 15, 18, 2003 WL 22925256 (10th Cir. Dec. 11, 2003) (unpublished) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim") (citation and internal quotation marks omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (citation and internal quotation marks omitted).

The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, *i.e.*, the "[f]actual allegations . . . must be enough to raise a right to relief above the speculative level. *Id.* at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v.*

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *See Triplett v. Triplett*, No. 05-3354, 166 Fed. Appx. 338, 339-340 2006 WL 182060 (10th Cir. Jan. 26, 2006).   Just as the Court in *Triplett* stated that "[e]ven giving Triplett's pleadings the liberal construction afforded to a *pro se* petitioner, the court concluded that it could not divine a viable claim from plaintiff's complaint," and noted "that plaintiff's complaint and his subsequent pleadings consist of little more than unintelligible ramblings" (*id.* at 339, internal quotation marks omitted), so, too, is Plaintiff's proposed Amended Complaint here nothing more than unintelligible ramblings leaving the Court unable to "divine a viable claim."  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (citations omitted).

## ANALYSIS AND RECOMMENDED DISPOSITION

Except for different language in the titles of the documents, the first eight pages of Plaintiff's motion to amend his Complaint [*Doc. 9*] appear to be identical to the first eight pages of Plaintiff's objections to the Proposed Findings and Recommended Disposition [*Doc. 7*], which the Court found were largely unintelligible and lacking a sound basis in law and fact.  *See* [*Doc. 8* at 16-17].  The remaining page of Plaintiff's motion to amend his Complaint and the four-page proposed Amended Complaint are also similarly unintelligible.  *See* [*Doc. 9* at 9-13].  As with his original Complaint and his objections, Plaintiff's proposed Amended Complaint fails to state with any particularity what each Defendant did to him or the specific legal right he believes each Defendant violated.

For these reasons, the undersigned recommends that the Court deny Plaintiff's motion to amend his Complaint [*Doc. 9*], because it is largely unintelligible and provides no legal basis to justify allowing Plaintiff to amend his Complaint, and because Plaintiff's proposed Amended Complaint is also largely unintelligible and fails to state a claim on which relief may be granted. The undersigned further recommends that the Court dismiss this case without prejudice because Plaintiff did not comply with the Court's requirement that the proposed Amended Complaint state with particularity what each Defendant did to him or the specific legal rights he believes each Defendant violated.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**