IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME

        Plaintiff,

vs.                                                                           No. CIV 14-0646 JB/LAM

SLOAN D. GIBSON (ACTING) FOR
ERIC K. SHINSEKI, SECRETARY,
U.S. DEPARTMENT OF VETERANS AFFAIRS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Contemporaneous Notice and Motion Respectfully Requesting Continuance as in Response for the Court Said "Did Review PFRD But Did Not Review PFRD de novo" Based on the U.S District Court for the District of New Mexico Judge's Adopting the Magistrate Judge's Wrongful Abuse of Authority's Proposed Findings and Recommended Disposition Denying and Dismissing the Employer's Made the Plaintiff's so Unfrivolously [sic] Suffered [sic] as a Very Aggrieved Victim of Very Wrongful Equal Employment Opportunity Termination: Deprivation: Diversity-Discrimination Entitled Complete Proper Relief, filed March 19, 2015 (Doc. 13)("Motion to Reconsider"). The Court construes Plaintiff Renaud Belhomme's Motion to Reconsider as a request that the Court reconsider the Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 27, 2015 (Doc. 11)("Order Adopting PFRD"). Finding that Belhomme does not make any arguments with a sound basis in the law and in the facts of this case, the Court will deny Belhomme's Motion to Reconsider.

**PROCEDURAL BACKGROUND**

On July 29, 2014, the Court referred this case to the Honorable Lourdes A. Martinez, United States Magistrate Judge for the District of New Mexico, for a recommended disposition of this case.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings at 1 (Doc. 5).  On September 18, 2014, Judge Martinez filed her Proposed Findings and Recommended Disposition (Doc. 6)("First PFRD").  In her First PFRD, Judge Martinez recommended that the Court dismiss Belhomme's Complainant [sic] and Entry of Appearance for as Along with the Plaintiff's Legal Action, This Case Now Brought in Equity to the United States District Court for the District of New Mexico given Contemporaneous Notice and Motion as the Result of the Agency's Established Decision Dated April 11, 2014; Denial Against the Plaintiff's so Suffered the Agency's Gross Abusive Wrongful Employment Termination: Violation of the Plaintiff's Civil Rights: Diversity -- Employment Discrimination: Fraud: Libel: Verbal Assault and Slander as During the Plaintiff's Employment at the U.S [sic] Department of Veterans Affairs, filed July 15, 2014 (Doc. 1) ("Complaint") without prejudice, because "it is largely unintelligible and fails to state a claim upon which relief may be granted."  First PFRD at 5.  Judge Martinez also recommended that the Court allow Belhomme to file a motion to amend his Complaint.  See First PFRD at 6.

Belhomme filed objections to Judge Martinez' First PFRD.  See Plaintiff's Brought Motion Incorporating Reiterating Made Aggrieved victim's Establishing About How, When and Why the Employer So Influential Maliciously Conspired Very Irreparable Clandestine Diversity-Wrongful Employment Termination Discrimination: Frauds: Libel: Verbal Assault And Slander . . . With Which Now Before the Court Comes, Moves and States Renaud Belhomme As

In Response to Satisfy the United States District Court Judge: O. Browning's Dated September 18, 2014; Order, Pursuant to 28 U.S.C 636 (b)(1)(B), (b)(3); and 1915 (e)(2)(B);, filed October 9, 2014 (Doc. 7)("Objections").

The Court, after characterizing Belhomme's Objections as unintelligible, overruled the Objections, because they "lack a sound basis in the law or fact." Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition 17-18, filed October 16, 2014 (Doc. 8)("Order adopting First PFRD"). The Court also adopted the First PFRD and granted Belhomme leave to file a motion to amend his Complaint. See Order adopting First PFRD at 18.

Belhomme filed a motion to amend his Complaint. See Brought Motion Incorporating Plaintiff's Required Proposed Amended Complaint Establishing About The Employer's So Made The Plaintiff As Aggrieved Victim Of The Employer's So Influencial Maliciously Conspired Very Irreparable Clandestine Diversity-Wrongful Employment Termination Discrimination: Frauds: Libel: Verbal Assault And Slander . . . With Which Now Before the Court Comes, Moves and States Renaud Belhomme As In Response to Satisfy the United States District Court Judge's Dated October 16, 2014; Order, Pursuant to 28 U.S.C 636 (b)(1)(B), (b)(3); and 1915 (e)(2)(B);, filed October 30, 2014 (Doc. 9)("First Motion to Amend Complaint").

On January 27, 2015, Judge Martinez filed her Proposed Findings and Recommended Disposition (Doc. 10)("Second PFRD"). In her Second PFRD, Judge Martinez stated:

> [T]he undersigned recommends that the Court deny Plaintiff's motion to amend his Complaint [*Doc. 9*], because it is largely unintelligible and provides no legal basis to justify allowing Plaintiff to amend his Complaint, and because Plaintiff's proposed Amended Complaint is also largely unintelligible and fails to state a claim on which relief may be granted. The undersigned further recommends that the Court dismiss this case without prejudice because Plaintiff did not comply with the Court's requirement that the proposed Amended Complaint state with

> particularity what each Defendant did to him or the specific legal rights he believes each Defendant violated.

Second PFRD at 5.

The Court did not review the Second PFRD de novo, because none of the parties objected to it, but rather reviewed Judge Martinez' findings and recommendations to determine if they were clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Order Adopting PFRD at 9. The Court concluded that the Second PFRD was not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, adopted the Second PFRD as its own, denied Belhomme's Motion to Amend, and dismissed this case without prejudice. See Order Adopting PFRD at 10. The Court entered its Final Judgment on February 27, 2015. See Final Judgment (Doc. 12)("FJ").

Belhomme filed his Motion to Reconsider, which is now before the Court, on March 19, 2015, which is twenty days after the Court entered its Final Judgment. Belhomme's Motion to Reconsider is largely unintelligible, and contains factual allegations similar to those in his Complaint and the proposed Amended Complaint. Belhomme's Motion to Reconsider does not present any arguments to support the motion.

Thirty-two days after the Court entered its Final Judgment, Belhomme filed a proposed amended complaint. See Plaintiff's Required Proposed Amended Complaint as about to that the United States Department of Veterans Affairs Diverse High Leveles [sic] supervisors and Other Co-Employees' along with the Acting Departmental Secretary's Abuses of Authority's made the Plaintiff as a Very Continuous Aggrieved Victim of Very Influencial [sic] Conspired Clandestine Very Unreasonable Irreparable Hateful Malicious Falsely Pretended Wrongfully Accused Deprived Damaged Handicapped Discriminated Against the Plaintiff's Entitled Complete Proper Equal Employment and Training Opportunities Accesses and Protections During Employment at

the Raymond G. Murphy Medical Center Albuquerque New Mexico; United States, filed March 31, 2015 (Doc. 14).

## LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 59(e) AND 60

The United States Court of Appeals for the Tenth Circuit has stated:

Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within [Rule 59's time limit] from the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed [too long after] entry of judgment [to satisfy Rule 59's deadline], it is treated as a motion for relief from judgment under Rule 60(b).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)(citations omitted)(internal quotation marks omitted). "[A] motion for reconsideration of the district court's judgment, filed within [Rule 59's filing deadline], postpones the notice of appeal's effect until the motion is resolved." Jones v. United States, 355 F. App'x 117, 121 (10th Cir. 2009)(unpublished). The time limit in rule 59(e) is now twenty-eight days from the entry of a judgment. See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., No 10-4182, 2011 WL 6739431, at *3 (10th Cir. Dec. 23, 2011)(unpublished). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints. See Phelps v. Hamilton, 122 F.3d at 1324. By contrast, rule 60 provides:

On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:

    **(1)**    mistake, inadvertence, surprise, or excusable neglect;

    **(2)**    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    **(3)**    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)**    the judgment is void;

    **(5)**    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)**    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. . . .  Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d at 1012.  A district court has considerable discretion in ruling on a motion to reconsider.  See Phelps v. Hamilton, 122 F.3d at 1324.

## **LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his]

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

The Court filed its Final Judgment on February 27, 2015, see FJ at 1, and Belhomme filed his Motion to Reconsider on March 19, 2015, see Motion to Reconsider at 1.  Belhomme therefore filed his Motion to Reconsider within rule 59(e)'s twenty-eight-day time limit.  Belhomme apparently seeks reconsideration of the Court's Order Adopting PFRD.  Belhomme does not state any grounds in support of the Motion to Reconsider which would fit into any of rule 60(b)'s six subsections.  The Court will construe the motion as one under rule 59(e), because the motion seeks to alter the Court's substantive ruling dismissing this case.

There are four circumstances sufficient to justify the Court granting a motion to reconsider under rule 59(e): (i) a change in the controlling law; (ii) new evidence; (iii) clear legal error; and (iv) manifest injustice.  Servants of the Paraclete v. Does, 204 F.3d at 1012.  Belhomme does not present any arguments to support his Motion to Reconsider.  This Court will not "assume the role of advocate for the pro se litigant" and make his arguments for him.  Hall v. Bellmon, 935 F.2d at 1110.  Because Belhomme has not presented any arguments with a sound basis in the law or in the facts of the case, the Court will deny his request to reconsider the dismissal.

**IT IS ORDERED** that the Plaintiff's Contemporaneous Notice and Motion Respectfully Requesting Continuance as in Response for the Court Said "Did Review PFRD But Did Not

Review PFRD de novo" Based on the U.S [sic] District Court for the District of New Mexico Judge's Adopting the Magistrate Judge's Wrongful Abuse of Authority's Proposed Findings and Recommended Disposition Denying and Dismissing the Employer's Made the Plaintiff's so Unfrivolously [sic] Sufferred [sic] as a Very Aggrieved Victim of Very Wrongful Equal Employment Opportunity Termination: Deprivation: Diversity-Discrimination Entitled Complete Proper Relief, filed March 19, 2015 (Doc. 13), is denied.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Party:*

Renaud Belhomme
Albuquerque, New Mexico

       *Plaintiff pro se*